**SO ORDERED: November 20, 2006.**

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

```
IN RE:                              )
                                    )
PENNY SUE HEAVILON                  )   Case No.05-9963-FJO-13
      Debtor                        )
_____)
                                    )
PENNY SUE HEAVILON                  )
                                    )
      Plaintiff                     )
                  vs.               )   Adversary Proceeding
                                    )   No.06-50233
COUNTRYWIDE HOME LOANS, INC.        )
      Defendant                     )
                                    )
```

**ENTRY**

   The Court set this matter for trial on August 23, 2006.  The Plaintiff's Complaint is an action to avoid the second mortgage lien.  She asserts that there is no equity in the real estate to which Countrywide's lien can attach due to the existence of the first mortgage lien in the amount of $136,000.00 held also by Countrywide.  If the second mortgage has no equity for which its lien can attach, Countrywide can not have an allowed secured claim pursuant to 11 U.S.C. section 506(a) and this Court must then declare the second mortgage lien of the Defendant void pursuant to 11 U.S.C. Section 506(d) and 11 U.S.C. section 1322(b)(2).

   The parties submitted post trial briefs.  This matter is now ready for the Court's consideration.

The parties stipulated to the facts. The Plaintiff/Debtor filed bankruptcy on May 24, 2005. At the time of the filing of the chapter 13 petition, the Debtor/Plaintiff had a first and a second mortgage on her property with the Defendant. The amount owed on the first mortgage at said time was $136,662.68. The parties have agreed to the value of the property being $136,000.00 for the purposes of this action.

The issue before the Court is whether the escrow amount of $993.50 held by the Defendant for taxes and insurance premiums should be deducted from the amount owed to Countrywide. If the Court allows the deduction, it would leave a balance owed of $135,669.18, $330.72 less than the value agreed to by the parties ($136,000.00), therefore allowing the second mortgage lien to remain due to this slight equity.

If the monies were to be hypothetically applied, the Defendant did not cite any provision in the documents nor any case law that supported its position that the excess funds would not go back to the Debtor as was argued by the Debtor. This Court finds that the escrow monies do not create an equity cushion for the second lien to attach. Those monies were escrowed for a specific purpose, payment of insurance and taxes, not for the benefit of the second mortgage holder (even it is, as in this case, the same entity).

**CONCLUSION**

Since the second mortgage has no equity for which its lien can attach, Countrywide can not have an allowed secured claim pursuant to 11 U.S.C. section 506(a) and this Court hereby ORDERS that the second mortgage lien of the Defendant is void pursuant to 11 U.S.C. Section 506(d) and 11 U.S.C. section 1322(b)(2).

###